IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS RUIZ,
      Plaintiff,

vs.                              Case No.: 3:12cv240/MCR/EMT

CORRECTIONAL OFFICER OSTEEN, et al.,
      Defendants.

---

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's Motion for Preliminary Injunction (doc. 161).[1] Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (*see* doc. 1). His fifth amended complaint, in which he sues eight Department of Corrections ("DOC") employees—seven of whom are employed at Santa Rosa Correctional Institution ("SRCI") and one of whom is employed at the DOC central office in Tallahassee, Florida—was filed in early January 2013 (doc. 143). In this complaint Plaintiff claims violations of his First, Eighth, and Fourteenth Amendment rights, and he seeks monetary damages and prompt access to medical care. Among Plaintiff's complaints are that certain officers have made known Plaintiff's desire not to be housed with black inmates, thus jeopardizing Plaintiff's safety in the largely black prison population; that false disciplinary reports have been filed against him; that he was assaulted and badly injured by another inmate at the instigation of certain corrections officers; that there was a conspiratorial cover-up of the incident; that numerous of his grievances have been stolen; and that he has been subjected to retaliation because he has filed "hundreds" of grievances (doc. 143).

---

[1] Among the dozens of other motions Plaintiff has filed in this case are two other motions for injunctive relief (*see* docs. 137, 146).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994).  The grant or denial of preliminary injunctive relief rests in the discretion of the district court.  *See* <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).  The district court, however, must exercise its discretion in light of whether:

1.    There is a substantial likelihood that Plaintiff will prevail on the merits;

2.    There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3.    The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4.    The granting of the preliminary injunction will not disserve the public interest.

*See* <u>CBS Broadcasting, Inc. v. Echostar Communications Corp.</u>, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); <u>Carillon Importers, Ltd.</u>, 112 F.3d at 1126.  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  <u>CBS Broadcasting, Inc.</u>, 265 F.3d at 1200 (citation omitted).

Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint.  <u>Devose</u>, 42 F.3d at 471; <u>Penn v. San Juan Hosp.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

In the motion for preliminary injunction, Plaintiff seeks a "preliminary (and permanent) injunction enjoining the defendants or their agents to house plaintiff with black inmates" and an order "enjoining and restraining the defendants from being close to or in contact with Plaintiff" (doc.

161 at 4). Since filing this action, Plaintiff has been transferred to the Central Florida Reception Center (*see* docs. 147–150). Therefore, the requested relief should be denied without prejudice as moot, as the named Defendants work at SRCI and the central office of the DOC. *See* McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief).

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Preliminary Injunction (doc. 161) be **DENIED without prejudice as moot**.

At Pensacola, Florida, this 30<u>th</u> day of April 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11<u>th</u> Cir. 1988).**