IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS RUIZ, Inmate #086219,
      Plaintiff,

vs.                                      Case No.: 3:12cv240/MCR/EMT

CORRECTIONAL OFFICER OSTEEN, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff commenced this action on May 17, 2012, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).[1]  Leave to proceed in forma pauperis has been granted (doc. 17).

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

Section IV of the complaint form, titled "**PREVIOUS LAWSUITS**," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 4–5).[2]  Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force

---

[1] Plaintiff filed his civil rights complaint on the form approved for use by prisoners in this district (*see* doc. 1).

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

or some other wrong)?" (*id.* at 5).  Where there is a parenthetical area to mark either a "yes" or "no" answer, Plaintiff marked "yes" (*id.*).  Question C continues, "If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below." (*id.*).  Plaintiff then disclosed the following case:  Case No. 2011-CA-001303, filed in May of 2011 in the Second Judicial Circuit Court, in and for Leon County, Florida (*id.*).[3]  Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed" (*id.*).  Where there is a parenthetical area to mark either a "yes" or "no" answer to Question D, Plaintiff marked "no" (*id.*).

Plaintiff thus stated that at the time he filed the instant case, he had <u>not</u> initiated any actions in **federal court** that related to the fact or manner of his incarceration or the conditions of his confinement, and he had <u>not</u> <u>ever</u> had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service.  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form:  "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 14).

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, May 17, 2012 (*see* doc. 1 at 14), he had previously filed <u>Ruiz v. Several Correctional Officers</u>, Case No. 3:11cv292/MCR/EMT, in this federal court.[4]  Plaintiff was incarcerated at the time he filed Case No. 3:11cv292/MCR/EMT,

---

[3] In the Statement of Facts section of the complaint form (Section V), Plaintiff mentioned additional cases he previously filed in Florida <u>state</u> courts (*see* doc. 1 at 9 (referencing petitions for writ of mandamus, filed in Leon County, Florida, and a petition for writ of habeas corpus, filed in Union County, Florida); doc. 1 at 11 (referencing a motion filed in the Florida First District Court of Appeal); *see also* doc. 1 at 12–13 (referencing a letter Plaintiff wrote to the Florida Attorney General)).  But he did not disclose any <u>federal cases</u> he previously filed in any section of the complaint form.

[4] The inmate number of the plaintiff in Case No. 3:11cv292/MCR/EMT (#086219) matches Plaintiff's.  That case was filed in June of 2011.  *See* <u>Ruiz v. Several Correctional Officers,</u> Case No. 3:11cv292/MCR/EMT, Complaint, doc. 1 (N.D. Fla. June 20, 2011).

and the action related to the conditions of his confinement.[5]  The case was dismissed on December 29, 2011, prior to service.  *See* <u>Ruiz v. Several Correctional Officers,</u> Case No. 3:11cv292/MCR/EMT, Order, doc. 12 (N.D. Fla. Dec. 29, 2011).  Plaintiff did not list Case No. 3:11cv292/MCR/EMT in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Questions C and D, and thus should have been included in Plaintiff's answers to those questions.[6]

Additionally, Plaintiff previously filed four other cases in the Middle District of Florida that he did not disclose in the complaint:  (1) <u>Ruiz v. Thornton</u>, Case No. 3:89cv763-WTH, Complaint, doc. 1 (M.D. Fla. Sept. 11, 1989) (Plaintiff proceeded pro se against five officers at Florida State Prison (*see* doc. 20, order directing service of process)); (2) <u>Ruiz v. Doe</u>, Case No. 8:90cv817/RWN, Complaint, doc. 1 (M.D. Fla. July 2, 1990) (Plaintiff proceeded pro se against a dentist at Polk Correctional Institution); (3) <u>Ruiz v. Dugger</u>, Case No. 3:90cv651/WTH, Complaint, doc. 1 (M.D. Fla. July 20, 1990) (Plaintiff was represented by Attorney Diane Weiner in this suit against the Secretary of the Florida Department of Corrections ("DOC") and two officers at Florida State Prison (*see* docs. 8, 9, orders directing service of process)); (4) <u>Carniello, et al. v. Dugger</u>, Case No. 3:90cv711/HES, Complaint, doc. 1 (M.D. Fla. Aug. 10, 1990) (Plaintiff was represented by attorney Diane Weiner in this class action against the Secretary of the DOC and two officers at Florida State Prison).  Plaintiff was incarcerated in the DOC when he filed these four actions in the Middle District of Florida, and they all related to the fact or manner of his incarceration or the conditions

---

[5] In his initial pleading, Plaintiff alleged (1) officers at the institution where he was housed directed another inmate to assault him; (2) an officer threw him on an ant bed, resulting in hundreds of ant bites; (3) he was placed on close management status for no legitimate reason; and (4) these acts were done in retaliation for his filing lawsuits in state court.  *See* <u>Ruiz v. Several Correctional Officers</u>, Case No. 3:11cv292/MCR/EMT, Complaint, doc. 1 (N.D. Fla. June 20, 2011).  Plaintiff claimed that his life was in danger and requested that the court appoint counsel "to represent and protect [him]."  *Id.*

[6] In the Statement of Facts section of the complaint form, Plaintiff mentioned a letter he mailed to the clerk of this court and to Chief District Judge M. Casey Rodgers on April 30, 2012, wherein he "attempt[ed] to seek assistance from this court" with regard to his state court litigation, and he attached to the letters copies of a motion and exhibits he previously filed in the Florida First District Court of Appeal (*see* doc. 1 at 11).  Plaintiff did not, however, indicate that he had previously filed a federal case in this court, and his statement regarding letters mailed to the clerk and chief judge of this district—contained in the Statement of Facts section of the complaint form, not in the Previous Lawsuits section—did not alert the court that Plaintiff had previously filed Case No. 3:11cv292/MCR/EMT, a case that was closed on December 29, 2011, four months before Plaintiff mailed the letters the clerk and chief judge.

of his confinement, as evidenced by the fact that he filed all of them under 42 U.S.C. § 1983 and named prison officials as defendants. *See id.* Plaintiff failed to disclose any of the Middle District of Florida cases in Section IV of the complaint form (or elsewhere in the complaint), even though they all were "actions . . . [initiated by Plaintiff] in . . . **federal court** . . . that relate to . . . the conditions of [his] confinement . . . ," and thus should have been listed in response to Question C (*see* doc. 1 at 5).

The information from Section IV of the complaint form is useful to the court in enforcing the "three strikes" provision of 28 U.S.C. § 1915(g).[7] *See* <u>Spires v. Taylor</u>, Case No. 3:00cv249/RH, Order of Dismissal, doc. 10 (N.D. Fla. Oct. 27, 2000). The information on the form also assists the court in determining whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. Requiring disclosure of previously filed cases on the complaint form relieves the court of the time-consuming task of combing the dockets of state and federal courts to identify cases previously filed by the plaintiff. This administrative benefit would be lost if plaintiffs were relieved of the obligation of identifying all previously filed cases.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff knew that an accurate disclosure of his litigation history was required and that dismissal of the instant action may result from his untruthful answers to the

---

[7] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." <u>Rivera v. Allin</u>, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

questions in Section IV of the complaint form.[8] Here, Plaintiff failed to disclose at least five federal cases he was required to disclose. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false response to go unpunished, and the court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice (as discussed more fully *infra*).

While the foregoing, alone, is sufficient to support a recommendation of dismissal, the court notes that Plaintiff submitted the same false responses in subsequent filings, and his doing so further supports the recommendation of dismissal. Before the court describes the subsequent filings, it will provide a brief overview of the circumstances that led to those filings.

Upon being notified that Plaintiff had initiated this action, the court reviewed the docket and noted that Plaintiff had filed a motion seeking leave to proceed in forma pauperis ("IFP") (doc. 2), but the motion was deficient. The court therefore issued an order explaining the deficiencies and providing Plaintiff with the proper forms for use in seeking IFP status (*see* doc. 5). Before the court had an opportunity to settle the matter of the filing fee or screen the complaint, however, Plaintiff filed eleven motions (docs. 3, 9, 10, 11, 14, 16, 18, 19, 20, 21, 22), in addition to a renewed motion motion seeking leave to proceed IFP (doc. 15), and letters and other documents that were returned to him as deficient (*see* docs. 7, 8). In an order issued on June 28, 2012, the court granted leave to proceed IFP, construed the motion filed at document number 16 as a motion to add additional facts to the complaint, granted the motion at document 16, and directed Plaintiff to file an amended complaint on or before July 30, 2012 (*see* doc. 24). Between July 2 and July 13, Plaintiff submitted nine more motions, filings, or notices (docs. 25, 26, 27, 28, 29, 30, 31, 35, 33), most of which were

---

[8] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 3).

resolved in an order issued on July 13, 2012 (doc. 32), which was the same day Plaintiff filed an Amended Complaint (doc. 34).

The Amended Complaint was also submitted on the court-approved form, it included the same warnings regarding the consequences of failing to provide truthful answers, and it was submitted under the penalty of perjury (*see* doc. 34). As with the original complaint, Plaintiff failed to mention or otherwise disclose his federal litigation history in the Amended Complaint (*id.*).

Before the court had an opportunity to screen the Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff filed three more motions (docs. 37, 38, 40). Then, on July 23, 2012, the court—after conducting a cursory review of the Amended Complaint—issued a relatively brief order directing Plaintiff to file a second amended complaint, based primarily on the fact that the identity of the Defendants in this action was unclear (*see* doc. 43). During the following week, Plaintiff submitted fifteen additional motions (docs. 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58).

On August 7, 2012, the court received Plaintiff's Second Amended Complaint (doc. 60). This complaint was also submitted on the court-approved form, it included the same warnings regarding the consequences of failing to provide truthful answers, and it was submitted under the penalty of perjury (*see id.*). As with the original and amended complaints, Plaintiff failed to mention or otherwise disclose his federal litigation history in the Second Amended Complaint (*id.*).

While the Second Amended Complaint awaited review, Plaintiff continued to file motions (*see* docs. 69, 70, 71, 72, 74, 75, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86 (fifteen motions filed within a ten-day period in August of 2012)). These prolific filings consumed an inordinate amount of the court's time and greatly interfered with the court's ability to address the merits of Plaintiff's complaints or discover the false responses on the complaints he previously submitted. Nevertheless, the court issued orders resolving on the merits most, if not all, of the numerous motions filed by Plaintiff (*see, e.g.*, docs. 32, 59, 65, 66, 67, 68, 87). The court also reviewed Plaintiff's Second Amended Complaint and thereafter issued a thorough and detailed order directing Plaintiff to file a third amended complaint.

Plaintiff submitted a Third Amended Complaint to prison officials for mailing on September 6, 2012 (*see* doc. 100 at 1), which the court received on September 10, 2012. In this complaint, <u>for</u>

the first time, Plaintiff identified some of the other cases he previously filed, including cases he identified as a class action lawsuit filed in "1990?" and a class action lawsuit styled "'Ruiz v. Dugger' that he "now remember[ed]" (doc. 100 at 6). Importantly, however, Plaintiff identified these cases only <u>after</u> he received a copy of a Report and Recommendation ("R and R") issued by Magistrate Judge Charles Kahn in another civil rights action filed by Plaintiff in this district (*see* doc. 100 at 6 (Plaintiff specifically references the R and R)). In the R and R, Judge Kahn recommended dismissal of Plaintiff's civil rights action as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), based on Plaintiff's failure to disclose his prior litigation history, including the case of <u>Ruiz v. Dugger, et al.</u>, Case No. 3:90cv651/WTH (M.D. Fla.). *See* <u>Ruiz v. Shaner, et al.</u>, No. 3:12cv405/LAC/CJK, R and R, doc. 6 (N.D. Fla. Aug. 30, 2012).[9] Plaintiff's late disclosure—made only after he knew the instant case was likely subject to dismissal on the same grounds identified by Judge Kahn—does not excuse his earlier failure, <u>on three occasions</u>, to truthfully disclose his litigation history in this action. *See* <u>Harris v. Warden</u>, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (affirming dismissal of inmate's 1983 action for abuse of process because he failed to disclose his litigation history in both his original and amended complaints, despite specific descriptions in the form complaint of the kinds of cases he was required to disclose; and inmate disclosed his prior cases only after the defendants alerted the court to inmate's relevant litigation history in a motion to dismiss); <u>Hood v. Tompkins</u>, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded "no" to the complaint form's question asking whether he had brought any other lawsuits dealing with facts other than those in his action, because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process"); *see also* <u>Brown v. Strength</u>, No. CV 107-111, 2008 WL 319440, at

---

[9] The district court dismissed Plaintiff's other civil rights case, after reviewing Plaintiff's objections to the R and R (the objections were based on Plaintiff's "lack of malice" in failing to disclose his prior litigation history and a claim that a prior case identified by Judge Kahn did not constitute a case Plaintiff was required to disclose). *See* Case No. 3:12cv405/LAC/CJK, R and R, doc. 6 (N.D. Fla. Aug. 30, 2012) and Plaintiff's Objections, doc. 7 (received by the clerk September 6, 2012), *Report and Recommendation adopted* at doc. 8 (September 10, 2012)).

\*1–3 & n.2 (S.D. Ga. Feb. 1, 2008) (dismissing complaint without prejudice where inmate failed to fully disclose prior cases and explaining that plaintiff's motion for leave to amend the complaint was denied because "allowing plaintiff to amend his complaint to include the cases . . . would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history.") (citing <u>Hood</u>, 197 F. App'x at 818); <u>Beaton v. Grant, et al.</u>, Case No. 3:11cv419/LAC/EMT, docs. 10–13 (N.D. Fla.) (district court adopted R and R recommending dismissal as malicious, even though inmate sought to amend or supplement his complaint with the undisclosed information after the R and R issued); <u>Long v. Reyes, et al.</u>, Case No. 3:10cv365/RV/EMT, docs. 6, 8, 11, 13 (N.D. Fla.) (same); <u>Lancaster v. Bureau of Prisons, et al.</u>, Case No. 5:09cv283/RS/EMT, docs. 9–12 (N.D. Fla.) (same); <u>Jones v. State of Florida, et al.</u>, Case No. 3:09cv269/MCR/EMT, docs. 8, 12, 13 (N.D. Fla.) (same).

It is unfortunate that Plaintiff's untruthful responses were not detected earlier, but the delay in detecting them does not preclude dismissal of the action as malicious, especially considering that Plaintiff's prolific—if not vexatious—filings greatly contributed to the delay.[10] The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. *See* <u>Spires</u>, No. 3:00cv249-RH, Dismissal Order, doc. 10 (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994)

---

[10] In addition to the <u>more than fifty</u> motions and filings by Plaintiff that have previously been identified in this R and R, Plaintiff has submitted <u>more than seventy</u> additional filings or motions, some of which motions are pending (as indicated by an asterisk) (*see* docs. 88, 91, 92, 93, 94, 95, 96, 97, 98, 99, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 116, 117, 118, 119, 120, 121, 122, 123, 124, 127, 128, 129, 131, 132, 133, 134, 135, 137, 139, 140, 141, 145, 147, 148, 149, 150, 156, 159\*, 160\*, 161, 163, 164, 167\*, 168\*, 169, 170, 175, 176, 177, 179, 181\*, 184\*, 185, 190, 191, 193\*, 194\*, 195\*). Plaintiff has also submitted a large number of documents that have not been filed because the clerk has identified various deficiencies in the documents, many or all of which deficiencies have previously been pointed out to Plaintiff (*see, e.g.*, docs. 7, 8, 41, 151, 172, 173, 186). In light of the undersigned's recommendation of dismissal of this action, it is also recommended the deficient documents be returned to Plaintiff, en masse, without filing.

(per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That this action be **DISMISSED WITHOUT PREJUDICE** as malicious and abusive of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.      That all pending motions be **DENIED as moot**.

3.      That all deficient documents be returned to Plaintiff without filing.

4.      That the clerk be directed to close this file.

At Pensacola, Florida, this 4ᵗʰ day of October 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



**<u>NOTICE TO THE PARTIES</u>**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**